Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JEANNETTE MARIE BÁEZ VALLECILLO; MARIE BÁEZ VALLECILLO; SUZETTE BÁEZ VALLECILLO; LUIS BÁEZ VALLECILLO<br><br>Apelados<br><br>v.<br><br>LYBIA GRISSELLE VIENTÓS PACHECO, en su capacidad personal y como Ejecutora Universal de los bienes del caudal relicto de DON LUIS BÁEZ DÍAZ; LUISA G. BÁEZ VIENTÓS; MARÍA L. BÁEZ VIENTÓS<br><br>Apelantes | TA2026CE00539<br><br>consolidado<br><br>TA2026CE00540 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10261 (1003)<br><br>Sobre: División o Liquidación de Comunidad de Bienes Postgananciales y Hereditarios |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparecen ante nos la señora Marie Báez Vallecillo, la señora Suzette Báez Vallecillo y el señor Luis Báez Vallecillo ("Hermanos Báez Vallecillo", conjuntamente) mediante *Petición de Certiorari* presentada el 30 de abril de 2026. Acuden, a su vez, ante nos la señora Lybia G. Vientós Pacheco, la señora María Báez Vientós, y la señora Luisa Báez Vientós ("señora Vientós Pacheco" y "Hermanas Báez Vientós", en adelante) mediante escrito intitulado *Certiorari* radicado en igual fecha. Ambas partes[1] nos solicitan la revisión de la *Resolución* emitida y notificada el 20 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud del referido dictamen, el foro primario determinó que celebrará juicio para

---

[1] Según surge de los recursos presentados, ambas partes alegan ser sucesores del fenecido señor Luis Báez Díaz.

dilucidar una serie de asuntos en disputa en torno al cuaderno particional.

Oportunamente, el 9 de marzo de 2026, los Hermanos Báez Vallecillo sometieron *Moción de Reconsideración Parcial*.[2] En síntesis, arguyeron que el foro *a quo* erró al concluir que los bienes trasferidos al fideicomiso están excluidos del caudal relicto, por razón de que el fiduciario no es el causante, a tenor con la Sección 2022.01(b)(3) del Código de Rentas Internas, Ley Núm. 1-2011, 13 LPRA sec. 31021, según enmendada ("Código de Rentas Internas").

En igual fecha, la señora Vientós Pacheco y las hermanas Báez Vientós radicaron *Moción De Reconsideración Parcial a Resolución SUMAC 252*.[3] Mediante este escrito, argumentaron que el foro primario incidió al determinar que el causante otorgó a su primera cónyuge un usufructo por el apartamento ubicado en el Condominio Fountainblue, en virtud de la *Sentencia* de divorcio dictada el 2 de junio de 1996. De acuerdo con sus argumentaciones, tal proceder tuvo el efecto de excluir erradamente de la cuantía particional los cuarenta y seis mil dólares ($46,000.00).

Tras examinar sus respectivos escritos, el foro *a quo* dictó y notificó *Resolución* el 31 de marzo de 2026, en la cual declaró *No Ha Lugar* las reconsideraciones sometidas por ambas partes.[4]

Inconformes, el 30 de abril de 2026, la señora Vientós Pacheco y las Hermanas Báez Vientós recurrieron ante este Tribunal de Apelaciones mediante escrito intitulado *Certiorari* (TA2026CE00539) en el cual presentaron los siguientes señalamientos de error:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR LA CONSIDERACIÓN DE PLANTEAMIENTOS Y TEORÍAS NO CONTENIDAS EN LAS ALEGACIONES DE LA DEMANDA O EN UNA ENMIENDA DE ESTA, EN VIOLACIÓN A LAS REGLAS DE PROCEDIMIENTO CIVIL Y AL DEBIDO PROCESO DE LEY.

B. SEGUNDO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EXISTÍA UN

---

[2] *Véase*, SUMAC TPI, Entrada 257.
[3] *Véase*, SUMAC TPI, Entrada 258.
[4] *Véase*, SUMAC TPI, Entrada 263.

USUFRUCTO VITALICIO SOBRE EL APARTAMENTO DEL CONDOMINIO FOUNTAINBLUE, EN AUSENCIA DE PRUEBA DE SU VÁLIDA CONSTITUCIÓN CONFORME A DERECHO.

Por su parte, en igual fecha, los Hermanos Báez Vallecillo acudieron ante este Foro Intermedio mediante *Petición de Certiorari* (TA2026CE00540). En su recurso, le imputaron al foro primario la comisión del siguiente error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LOS ACTIVOS TRANSFERIDOS AL FIDEICOMISO BV Y FIDEICOMISO AV NO FORMAN PARTE DEL CAUDAL RELICTO DEL CAUSANTE, MEDIANTE UNA INTERPRETACIÓN ERRÓNEA DE LA SECCIÓN 2022.01(b)(3) DEL CÓDIGO DE RENTAS INTERNAS Y DEL ARTÍCULO 1788 DEL CÓDIGO CIVIL, ASÍ COMO AL NO APLICAR CORRECTAMENTE LAS NORMAS DE DERECHO SUCESORAL RELATIVAS A LA LEGÍTIMA Y LA COLACIÓN.

Así las cosas, el 5 de mayo de 2026, esta Curia dictó *Resolución* mediante la cual consolidamos ambos escritos por recurrir del mismo dictamen interlocutorio. Consecuentemente, concedimos un término a vencer el 15 de mayo de 2026 para que las Partes Recurridas sometieran respectivos escritos en oposición a los recursos radicados.

En el término establecido, la señora Vientós Pacheco y las Hermanas Báez Vientós presentaron *Oposición a Expedición de Auto y Alegato en Oposición al Certiorari [del recurso TA2026CE00540].* A su vez, de conformidad con nuestro decreto, los Hermanos Báez Vallecillo sometieron *Oposición a Petición de Certiorari [del recurso TA2026CE00539].*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica pertinente a la controversia ante nuestra consideración.

## I.

### A. Recurso de certiorari

Es norma reiterada que, "una resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG*

*Investment v. ELA et al.*, 203 DPR 708, 718 (2019). Véase, también, *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 251 (2012). Así, pues, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491, según emendada. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es irrestricto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra,* permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es

discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), fija los criterios para la expedición de un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. Ello, pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023). Por tanto, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

Por último, es menester puntualizar que "la denegatoria de un tribunal apelativo a expedir el auto no implica la ausencia de error en el dictamen cuya revisión se solicita, ni constituye una adjudicación en los méritos". *Cacho Pérez v. Hatton Gotay y otros,*

195 DPR 1, 10 (2016); *Torres Martínez v. Torres Ghigliotty, supra,* pág. 98. En tales instancias, la denegatoria constituye la facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 98. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. *Íd.* págs. 98-99. Por lo tanto, "en casos como ese no aplica la doctrina de la ley del caso". *Cacho Pérez v. Hatton Gotay y otros, supra,* pág. 10. Véase, además, *Pueblo v. Ríos Nieves,* 209 DPR 264, 278 (2022).

## II.

Surge del expediente ante nos que, el foro primario emitió *Resolución* el 20 de febrero de 2026, en atención a la *Impugnación de Propuesto Cuaderno Particional y Solicitud de Vista y Otros Remedios* presentada por los hermanos Báez Vallecillo.[5] En primer lugar, determinó que no resulta necesario enmendar la *Demanda* de epígrafe para impugnar el cuaderno particional, contrario a lo argumentado por la señora Vientós Pacheco y las Hermanas Báez Vientós. Sobre este particular, puntualizó que los asuntos expuestos en la moción de impugnación no son nuevos, pues se desprenden de las alegaciones contenidas en la *Demanda* aludida.

Atendido lo anterior, el foro *a quo* resolvió, en segundo lugar, que quedan excluidos del cuaderno particional los siguientes asuntos, de conformidad con la Sección 2022.01(b)(3) del Código de Rentas Internas, *supra*: (1) la cuenta PSW-018570 sobre Fideicomiso BV, (2) la cuenta PSW-018571 sobre Fideicomiso AV, (3) la cuenta PSK-011211 a nombre de FBO Luis Báez Díaz Trustee DCC Retirement Plan, (4) y la cuantía de cuarenta y seis mil ($46,000.00), en concepto de las rentas por cobrar sobre el

---

[5] *Véase,* SUMAC TPI, Entrada 252.

apartamento en el Condominio Fountainblue.[6] Respecto a esta última cuantía, precisó que no procede su inclusión al cuaderno particional, pues el bien inmueble mencionado se otorgó como usufructo a la primera esposa del causante, la señora Jeanette Vallecillo, en virtud de la *Sentencia* de divorcio emitida el 2 de junio de 1996.[7] Por último, dispuso que celebrará juicio para evaluar los argumentos referentes a:

1) **"[L]as operaciones póstumas de forma separada, individual y adecuadamente reconciliadas." La impugnación está basada en las cuentas bancarias: BPPR-4481, BPPR-PMA-3316.**

2) **"Las joyas y valores contenidos en tres (3) cajas de seguridad ubicadas en Banco Popular de Puerto Rico y FirstBank Puerto Rico."**

3) **La "valorización errada de la propiedad en el Condominio Fountainblue".**

4) **Créditos a favor de la Ejecutora Universal, relacionado a pagos sobre propiedad inmueble ubicada en la Urbanización Beverly Hills, y al apartamento que radica en el Condominio Fountainblue. También, señalan créditos incorrectos sobre: (a) pagos de manutención y educación, de Luis y Suzette Báez Vallecillo; (b) pagos del funeral del causante Báez Díaz; y (c) pagos con dinero privativo al negocio ganancial "LGV Billing".**

5) **Créditos a favor de la sucesión y/o adelantos a herederos. En específico, honorarios de abogados por servicios prestados a la sucesión.**[8] (Énfasis nuestro y modificación del original).

Ante tales circunstancias, determinamos que no se han producidos las condiciones jurídicas que ameriten nuestra intervención. Ello, pues, no identificamos indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario que exijan activar nuestra facultad revisora en esta etapa interlocutoria. En esa línea, precisamos que, las Partes Peticionarias, en sus respectivos escritos apelativos, no demostraron que el tribunal recurrido excedió en el ejercicio de su discreción, o que incidió en la interpretación o aplicación del derecho. Tampoco constataron que, al abstenernos de interferir en la determinación

---

[6] *Véase*, SUMAC TPI, Entrada 252, pág. 12.
[7] *Véase*, SUMAC TPI, Entrada 252, pág. 12.
[8] *Véase*, SUMAC TPI, Entrada 252, pág. 13.

cuestionada constituiría un fracaso a la justicia. Asimismo, puntualizamos que el proceder impugnado responde principalmente a un asunto de manejo de caso, el cual merece nuestra deferencia por no reflejar abuso de discreción por parte del foro primario. Véanse, *In re Pagani Padró*, 181 DPR 517, 529 (2011)[9]; *Vives Vázquez v. E.L.A.*, 142 DPR 117, 122 (1996). En vista de lo anterior, denegamos la expedición del auto de *certiorari*, a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra*.

Por último, advertimos que este dictamen apelativo no prejuzga los méritos del caso, ni impide que una vez se dicte sentencia final por parte del foro primario, la parte afectada presente el correspondiente recurso apelativo de así considerarlo. Véanse, *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 98; *Cacho Pérez v. Hatton Gotay y otros, supra,* pág. 10; *Pueblo v. Ríos Nieves, supra*, pág. 278.

### III.

Por los fundamentos que anteceden, ***denegamos*** la expedición del auto de *certiorari* respecto a los recursos consolidados.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[9] En el precitado caso, el Tribunal Supremo de Puerto Rico reconoce que, "el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente". *Íd.*, pág. 529.